MILLER v. McCLUNG.

1. RELIGIOUS SOCIETIES—SALE OF PROPERTY—NOTICE—QUESTION OF
   FACT.
   Question as to whether defendant church officials gave proper
   notice to church members of intention to sell and purchase
   church property in action by plaintiff church members to
   restrain the sale and purchase *held*, to be an issue of fact
   to be determined by the trial court directed to be submitted
   to it upon trial on the merits herewith ordered (CL 1948,
   § 458.104).

2. INJUNCTION—DISCRETION OF COURT.
   Injunctive relief is a matter within the discretion of a trial
   court.

3. LIS PENDENS—SALE OF PROPERTY—CONSTRUCTIVE NOTICE.
   The filing by plaintiff church members of notice of *lis pendens*
   will protect their property right in the church property in
   action to enjoin sale and purchase of church property, as such
   filing and recording is constructive notice of litigation to any
   purchaser (CLS 1961, §§ 600.2701, 600.2715).

4. PARTIES—COURT RULES—CLASS ACTION.
   Refusal of trial court to find that plaintiff church members did
   not constitute a class as contemplated by court rules *held*,
   error, as the pertinent court rule permits one or more members
   of a class to bring an action, so long as they adequately
   represent the class, and plaintiffs sought to represent those
   members objecting to sale and purchase of church property,
   and the rights sought to be protected were joint, common, or
   secondary as contemplated by the court rule (GCR 1963, 208.1,
   208.2).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 7]  45 Am Jur, Religious Societies §§ 56–58.
[2]  28 Am Jur, Injunctions §§ 35–37.
[4–6]  45 Am Jur, Religious Societies §§ 42, 93.

5. Religious Societies—Class Action—Exhaustion of Remedies Within Church.

Good-faith attempts, as alleged, to obtain remedies within the church of which plaintiffs were members are accepted as sufficient to enable them to bring class action in court relative to church property.

6. Same—Exhaustion of Church Remedies—Pleading.

Complaint in class action wherein it was alleged that defendant pastor and highest administrative officers of defendant church had prevented plaintiff members from participation in church affairs and which complaint sought injunctive relief to prevent sale of property and purchase of new property *held,* improperly dismissed.

7. Same—Courts—Property.

Civil courts can properly adjudicate as to property interests claimed to be involved in an action relating to the sale of church property and purchase by the church of other premises.

Appeal from Wayne; Weideman (Carl M.), J. Submitted Division 1 September 30, 1966, at Detroit. (Docket No. 1,646.)   Decided October 28, 1966.

Complaint by George Miller, Isaac Spencer and Butler Philpot, for themselves and on behalf of members of New Grace Missionary Baptist Church of Detroit against Willie D. McClung, Corry Bailey and Ossie Bryant, individually and as officers of New Grace Missionary Baptist Church of Detroit, and the New Grace Missionary Baptist Church of Detroit, a Michigan corporation, for an accounting and for injunctive relief, to restrain sale of church property and purchase of new church quarters.   Complaint dismissed.   Plaintiffs appeal.   Reversed and remanded for hearing on the merits.

*Bernard J. Fieger,* for plaintiffs.

*Keith, Conyers, Anderson, Brown & Wahls,* for defendants.

LESINSKI, C. J.  Plaintiffs' complaint, which sought
an accounting and injunctive relief, was dismissed
on motion, following their filing of an amended com-
plaint.  Plaintiffs' motion for leave to file a second
amended complaint and for a rehearing was denied.
Plaintiffs appeal.

On August 26, 1965, plaintiffs filed their complaint
alleging that they were members of the New Grace
Missionary Baptist Church, a Michigan corporation,
and that the named defendants were respectively,
the pastor, the president of the board of trustees,
and chairman of the board of deacons of said church
which owned certain property situated at 92 East
Forest avenue, Detroit, Michigan.  The complaint
charged in essence that the defendants had entered
into certain agreements with others for the purchase
of other property and the sale of the above-men-
tioned property without calling a general meeting
of the corporation, contrary to its bylaws, and over
the objection of plaintiffs and others.  Plaintiffs
further alleged that they had been prevented from
participation in church affairs and sought to restrain
defendants from consummating the transactions
alleged, on the claim of irreparable injury.  The
complaint also set forth various alleged activities as
ground for the accounting sought.  The specific relief
prayed for included the issuance of both a temporary
and a permanent injunction to restrain the sale of
the aforementioned property except in accordance
with the corporation's bylaws, to restrain the con-
summation of any transaction relative to the pur-
chase of other property during the pendency of the
proceedings and to enjoin defendants from barring
plaintiffs from engaging in church activities except
in accordance with the provisions of the bylaws.

Pursuant to a show cause order and a temporary
restraining order, the defendants appeared specially
and filed a motion to dismiss which was granted.

The court's opinion stated that there was not a sufficient showing that the plaintiffs were entitled to represent the members of the corporation under GCR 1963, 208,[1] and that before the plaintiffs would be able to proceed against the defendants they would have to show that they had exhausted their remedies within the church.

Plaintiffs filed an amended complaint amplifying the charges in the original complaint, which was dismissed. On December 8, 1965, after plaintiffs' motion to file a second amended complaint was denied (December 7, 1965), notice of *lis pendens* was filed and recorded in the register of deeds' office of Wayne county[2] against the property at 92 East Forest avenue.

The claim of appeal was filed on December 23, 1965; the record settled in April, 1966, and oral argument set for the November term. On September 27, 1966, plaintiffs filed a motion to accelerate hearing, alleging that delay until that time would cause irreparable injury. Plaintiffs' petition for injunctive relief of September 26, 1966, alleged that

[1] ".1 Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, 1 or more, as will fairly insure the adequate representation of all may on behalf of all sue or be sued when the character of the right sought to be enforced for or against the class is

"(1) joint, common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought.

".2 Secondary Action by Shareholders. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses or fails to enforce rights which may properly be asserted by it, the complaint shall set forth under oath and with particularity the efforts of the plaintiff to secure from the managing directors or trustees such action as he desires and the reasons for his failure to obtain such action or the reasons for not making such effort."

[2] Wayne county records. Lis pendens No. 53,694.

defendant McClung had announced from the pulpit
in August and September, that he and the other
defendants had arranged for the purchase of a new
church building; had used $20,000 of church funds as
a deposit; and that the present church property
would be padlocked and that the plaintiffs and others
similarly situated would be barred from using the
premises; and the petition alleged further that the
above-mentioned actions were taken illegally. The
motion for accelerated hearing was granted and oral
argument took place before this Court on September
30, 1966.

Plaintiffs' appellate brief filed in March, 1966,
alleged that the transactions involving church prop-
erty were not entered into pursuant to the bylaws
and that no membership meetings were held to con-
sider a vote thereon and that the defendants had
barred the plaintiffs from discussing the issue at
public gatherings of the church; and finally that
there were no regular financial reports of the church
and that church funds had been misappropriated "by
at least one of the defendants." The allegations in
plaintiffs' September petition which followed were
discussed above.

The appellate brief submitted by defendants on
September 30, 1966, the day of oral argument, al-
leged that a special meeting had been held on
November 4, 1965, to hear plaintiffs' grievances and
that plaintiffs were in attendance but refused to
discuss their grievances. A reading of the minutes
of this meeting discloses that the plaintiffs' refusal
to participate centered upon their objections to the
presence of a court reporter and an attorney for
defendants, and the absence of plaintiffs' attorney.
The brief discussed another membership business
meeting held on November 14, 1965, to discuss the
purchase of certain property, negotiations for which
subsequently "fell through;" and that at this meet-

ing a motion was adopted by a vote of 143 to 67 empowering the officers and pastor to negotiate for a new church and bring back its findings to the general membership with a recommendation for membership vote. The brief also states that a third meeting was held, after notice therefor had been given, on September 11, 1966, at which time the trustees were authorized by a vote of 171 to 5 to purchase certain named property. The answer to the plaintiffs' petition for injunctive relief countered with a statement that all church funds had been expended in accordance with the bylaws and that there was no announcement relative to padlocking the present premises, and that the plaintiffs are not, and have not been, barred from using the premises, and in general denied plaintiffs' allegations. Affidavits and counter-affidavits were filed by the parties relative to the regularity of the activities taken in the summer of 1966 which led to the September 11, 1966 meeting. Defendants' answer also included a motion passed at the September 11, 1966 meeting giving the authority for the purchase of certain property and, in detail, the terms of the transaction, which would involve an expenditure of $350,000, part of the security for which would be a first mortgage on the Forest avenue property. The minutes and the list of members in good standing were incorporated, as well as the vote of each participating member. The purchase agreement for the property included in defendant's answer and the addendum, dated September 23, 1966, thereto, both specified that a first mortgage on the Forest property would be a part of the security in the transaction. It is to be noted that any such mortgage on the property would be subject to the *lis pendens,* as will be discussed *infra.*

According to the minutes of the September 11, 1966 meeting, defendant, the Reverend McClung, said that the roll call vote of members previously

referred to included those eligible to vote. Those not called were not paid-up members. Names not called were not members in good standing, and those in good standing but not present were to be sent cards requesting their vote. Defendants' answer concluded with a memorandum to the point that injunctive relief would be an unwarranted interference in the internal affairs of an ecclesiastical corporation, and contended that the action taken at the September 11, 1966 meeting was pursuant to the bylaws of the church and the laws of the State.

The tangled web of attempted litigation and church action has been set forth at length to lay the proper foundation for our determination which will necessarily involve both the property interests and emotions of a large number of persons.

The first question which must be answered by this Court involves the injunction sought here to restrain the prospective purchase of property pursuant to the September 11, 1966 meeting.

According to CL 1948, § 458.104 (Stat Ann 1963 Rev § 21.1784),[3] notice of desire and intention to buy and sell church property must be read at the church meeting preceding that at which final action authorizing such contemplated transaction takes place. Defendants' answer sets forth affidavits to prove that the requisite notice was given. Plaintiffs submitted affidavits denying notice. This presents an issue of fact for determination by a trial court. Inasmuch as these matters are not a part of the

---

[3] "Sec. 4. The trustees shall be subject, in all their official duties, to the control and direction of the church, and in case the church shall desire to buy, sell or lease real estate, then a notice declaring such desire and intention, which shall designate the property to be bought, sold or leased, shall be read at the regular church or covenant meeting next preceding the regular meeting, at which final action shall be taken authorizing such purchase, sale or lease; and after such authority shall have been so granted by the church, the trustees shall have full power to purchase, sell or lease such real estate upon such terms and conditions as shall not be inconsistent with the instructions given by the church."

amended complaint, we direct their incorporation by appropriate pleadings for submission to the trial court. Injunctive relief would be in its discretion. It is to be noted that the plaintiffs' *lis pendens* will protect their property right in the property on Forest avenue,[4] as such filing and recording is constructive notice of litigation to any purchaser.[5] And parenthetically, since we hold that it is necessary to reverse and send the case back for trial on the merits as to the prior complaint, future actions taken by defendants will be under the aegis of the circuit court, pending its final determination.

We have now reached the three legal issues presented by plaintiffs' brief on appeal; *i.e.*, whether the lower court erred in its dismissal on the ground that plaintiffs did not constitute a class as contemplated by GCR 1963, 208, and whether the plaintiffs had not exhausted their internal church remedies; and the issue not specifically adjudicated below, of whether the plaintiff had sufficient property interest to justify injunctive relief.[6]

The first of the three named issues involves a construction of GCR 1963, 208, *supra*. It is not contested that the membership of the church numbers over 600 persons. Plaintiffs alleged that they were members of the church. Defendants did not contest this allegation, although plaintiffs' complaint

---

[4] "(1) A notice of pendency hereafter filed for record shall be effective as notice for a period of 3 years from the date of filing." CLS 1961, § 600.2715 (Stat Ann 1962 Rev § 27A.2715).

[5] "(1) To render the filing of a complaint constructive notice to a purchaser of any real estate, the plaintiff shall file for record, with the register of deeds of the county in which the lands to be affected by such constructive notice are situated, a notice of the pendency of such action, setting forth the title of the cause, and the general object thereof, together with a description of the lands to be affected thereby." CLS 1961, § 600.2701 (Stat Ann 1962 Rev § 27A.2701).

[6] It is relevant to note at this juncture that the case was submitted to this Court on a settled record, which does not include transcripts of hearings alluded to above, and that we have no knowledge, therefore, as to whether the issue was argued below.

alleges "silencing" of them allegedly "pursuant to the religious practices of the church."[7] This allegation is never specifically denied by defendants, and defendants' own exhibits *sub silentio* confirm this charge since the plaintiffs' names are conspicuously omitted from the membership lists submitted to this Court. However, since defendants do not specifically deny that plaintiffs are members, we must assume for the purposes of this action, that they are members. Thus, the prerequisites that there be a class consisting of numerous persons and that the plaintiffs be members thereof under GCR 1963, 208.1 are fulfilled. The rule permits one or more of the class members to bring an action, so long as they adequately represent the class. It appears that the plaintiffs sought to represent those members who objected to the actions relating to the sale and purchase of church property and that the rights sought to be protected were joint, common, or secondary, as contemplated by the rule. Further, the action could conceivably fall under the classification of GCR 1963, 208.2, *supra,* as will appear below. Thus our answer to the first issue raised is in the affirmative: the lower court erred in refusing to find the cause of action to be a proper class action.

The second issue posed the question as to whether the plaintiffs had exhausted their remedies within the church, prior to seeking relief from the court.[8] It should be noted first that the defendants are the pastor and highest administrative officers of the church corporation, and therefore in a position to thwart an impartial hearing of the charges against

---

[7] "BYLAWS OF THE NEW GRACE MISSIONARY BAPTIST CHURCH.

"Art 4, § 2. Members of this church may be dismissed upon recommendation of the pastor and board of officials, and by vote of the church, either by letter or dropping from the roll."

[8] "BYLAWS OF THE NEW GRACE MISSIONARY BAPTIST CHURCH.

"Art 3, § 1. The Church is independent so far as relates to it[s] internal organization and the regulation of its own affairs."

them by the general membership. Further, without unduly lengthening this opinion by spelling out the plaintiffs' attempts alleged in their complaints, it is sufficient to state that this Court is satisfied that good faith attempts were made prior to the initiation of the litigation; and that the meetings called by defendants subsequent to court action were, as shown by their own exhibits, not conducive to the free expression of views contrary to those held by the leadership of the congregation. Thus, the second issue requires an affirmative determination.

Although we decline to issue the injunction requested, this determination does not preclude the lower court from giving such affirmative relief as is merited, if after all the proofs are submitted in a hearing on the merits, the court should determine that ground for injunctive relief or an accounting is in order.

The plaintiffs allege injury to a property interest. It is well settled in Michigan that where property interests are involved, the civil courts can properly adjudicate as to the interests thus claimed to be injured. See *Davis* v. *Scher* (1959), 356 Mich 291, and the cases cited therein, and *Berkaw* v. *Mayflower Congregational Church* (1966), 378 Mich 239.

The amended complaint stated a cause of action and plaintiffs are entitled to their "day in court."

Reversed and remanded for a hearing on the merits. No costs, as neither party prevailed in full.

J. H. GILLIS and T. G. KAVANAGH, JJ., concurred.